[No. 1471.]

WILLIAM HAYES, RESPONDENT, *v*. W. L. DAVIS AND L. S. SCOTT, A. TRAVIS, W. C. GALLAGHER, THE BOARD OF COUNTY COMMISSIONERS OF WHITE PINE COUNTY, APPELLANTS.

COUNTIES—LOST CERTIFICATE OF INDEBTEDNESS—ISSUANCE OF DUPLICATE—INJUNCTION.—Where an act of the legislature authorizes and requires the county commissioners to instruct the auditor of the county to issue to the owner of the original a certificate of indebtedness similar in amount and in lieu of one that has been lost, the issuance of the certificate cannot be restrained upon the ground that it is the creation of an unjust indebtedness against the county, or, in any just sense, an injury to taxpayers.

EQUITY—WHEN COURT WILL NOT EXERCISE ITS EQUITABLE POWERS.—A court of equity will not exercise its equitable powers to restrain a county from doing what any honest debtor should do, thereby relieving the county from the burden of having to pay a debt honestly owing by the county.

APPEAL from the District Court of the State of Nevada, White Pine county; *G. F. Talbot*, District Judge:

Bill by William Hayes against W. L. Davis and the Board of County Commissioners of White Pine county, to restrain the issuance of a duplicate certificate of indebtedness. From a judgment in favor of plaintiff, defendants appeal. Reversed.

The facts sufficiently appear in the opinion.

*Thomas Wren* and *Frank X. Murphy*, for Respondent.

*Henry Rives, Robt. M. Clarke* and *J. Poujade*, for Appellants.

By the Court, BELKNAP, J.:

By the act relating to boards of county commissioners, as amended at the session of 1893, it is provided that any resident and taxpayer of the county may file written objections to the allowance of any claim or demand pending before the

board of county commissioners. It is then made the duty of the board to lay such claim or demand upon the table for a definite period, not less than ten days, and at the expiration of such time it may be considered, unless proceedings be instituted in a court of competent jurisdiction to determine the validity of such claim or demand. (Stats. 1893, p. 120.)

The plaintiff being a resident and taxpayer of the county brought this suit, under the provisions of the foregoing law, for the purpose of restraining the board of county commissioners from acting in accordance with the provisions of an act entitled "An act for the relief of W. L. Davis." (Stats. 1893, pp. 22, 23.)

The facts are contained in an agreed statement hereinafter mentioned, filed at the trial, and upon which the case was tried and decided.

In addition to those facts plaintiff alleged " that the issuance of said scrip to said W. L. Davis, as aforesaid, would cause said plaintiff irreparable damage, and plaintiff is informed and believes would be illegal and void and lead to vexatious, expensive and protracted litigation."

The agreed statement of facts is substantially as follows: The plaintiff being indebted to the defendant in the sum of $2,000, executed two promissory notes for $1,000 each in his favor, and pledged, among other securities for their payment, a certificate of indebtedness issued by the county of White Pine for $3,421 25. The certificate while in the possession of defendant was lost, mislaid or stolen. Thereafter suit was commenced by defendant Davis as plaintiff against the plaintiff in the present action as defendant to recover the amount of one of the notes. The suit was compromised and dismissed upon the terms set forth in an agreement, a copy of which is referred to as an exhibit in this case. By this agreement defendant Davis was to surrender one of the promissory notes to the plaintiff, and credit the other with the payment of $464, provided that the lost certificate be not found and restored to appellant or reissued to him, but if the certificate be subsequently found or reissued, it was to be redeemed by plaintiff upon payment of $1,539 60.

Appellant further agreed to use due diligence in finding the lost certificate, or, failing to find it, present the matter to

the consideration of the legislature of the state with the view that a statute be enacted authorizing the issuance of a certificate in lieu thereof. The certificate was not found, and at the session of the legislature of 1893 a law was enacted entitled "An act for the relief of W. L. Davis," by which the county commissioners of the county of White Pine were authorized and required to instruct the auditor of the county to issue to defendant a certificate of indebtedness similar in amount and in lieu of the one that had been lost. (Stats. 1893, pp. 22, 23.)

At the trial the district court enjoined the board of county commissioners from proceeding under the statute. This ruling is assigned as error.

In State v. Gallagher, 22 Nev. 80, we took occasion to state that a resident taxpayer could invoke the interposition of a court of equity in a proper case, quoting from the opinion of the supreme court in Crampton v. Zabriskie, 101 U. S. 601, as follows: "Of the right of resident taxpayers to invoke the interposition of a court of equity to prevent an illegal disposition of the moneys of the county, or the illegal creation of a debt, which they, in common with other property owners of the county, may otherwise be compelled to pay, there is, at this day, no serious question. The right has been recognized by state courts in numerous cases; and from the nature of the powers exercised by municipal corporations, the great danger of their abuse, and the necessity of prompt action to prevent irremediable injury, it would seem eminently proper for courts of equity to interfere, upon the application of the taxpayers of a county, to prevent the consummation of a wrong, when the officers of these corporations assume, in excess of their powers, to create burdens upon property holders."

"In such cases," says Beach, "this equity jurisdiction usually rests upon fraud, breach of trust, multiplicity of suits, or the inadequacy of the ordinary remedies of law." (2 Law of Inj., p. 1300.)

None of these grounds are applicable here. No fraud is alleged, nor illegal debt contemplated. There is no question that, both legally and equitably, the county owes some one this money; neither is there any question, under the agreed

facts, that it is owing to the plaintiff, Davis, or, at least, that he is the present legal owner of the claim.

Issuing the duplicate certificate, whether legal or illegal, creates no additional burden upon the taxpayers further than what justly exists now. If the law under which the board proposes to act is unconstitutional, and that body has no authority to issue a duplicate certificate where the original has been lost, then their action will be a nullity, and there is no occasion for a court to interfere with an injunction. (*McCoy* v. *Briant*, 53 Cal. 247.)

But if, on the other hand, the certificate will have some validity, and will, in Davis' hands, constitute evidence of the county's indebtedness to him, which certainly exists, then it is simply doing what any honest debtor should do, and such action is not the creation of an unjust indebtedness against the county, to prevent which a court of equity should exercise its equitable powers. The plaintiff's demand is an unconscionable one, which such a court should not assist him in effectuating. (Scranton's Appeals, 122 Pa. St. 175.)

Neither will such action constitute, in any just sense, any injury to the plaintiff or any other taxpayer. Of course, if Davis cannot collect the money which seems due him without a certificate or warrant, then preventing the issuance of a duplicate certificate will, under the circumstances, relieve the county, and consequently the taxpayers, from the burden of having to pay it, even though honestly owing by the county, but this again is a result that the plaintiff can hardly expect a court of equity to assist him in consummating.

Judgment reversed, and cause remanded.